# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **MARK ANTHONY JACOBS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **1:05CV01157** |
| v. | ) | **2:97CR136-1** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Mark Anthony Jacobs, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Docket nos. 1, 42 (criminal case).) The court sentenced him to 163 months in prison. (*Id*. docket no. 42.) Petitioner appealed to the Fourth Circuit, but that court affirmed the judgment. (*Id*. docket no. 54.) Petitioner did not seek certiorari.

He then filed this section 2255 motion. (Docket no. 1.)[1] Petitioner raises four ground for relief. He alleges that his guilty plea was not voluntary and understanding because he did not know that he would be sentenced differently for crack versus powder cocaine. (*Id*. at 5.) Petitioner claims that the prosecution failed to disclose favorable evidence, this evidence

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

being the information in his presentence report that he had been hospitalized for mental illness. (*Id.*) Petitioner next alleges that he received ineffective assistance of counsel based on the above two grounds for relief, and because counsel did not obtain all drug lab reports and other reports. (*Id.* & docket no. 5 at 6.) Finally, Petitioner claims that he was denied his right to appeal "for diminished capacity." (Docket no. 1 at 6.)

Respondent has moved to dismiss Petitioner's motion because it is time-barred. (Docket no. 3.) Petitioner has responded to that motion. (Docket no. 5.) Petitioner has also filed a motion for the government to provide drug reports pertaining to his case. (Docket no. 6.) The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

The government requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all Section 2255 motions filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where a petitioner does not appeal his conviction, it becomes final when the ten-day notice of appeal period

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

expires. *See* Fed. R. App. P. 4(b); *Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072, 155 L.Ed.2d 88 (2003). Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. *Clay*, 537 U.S. 522. A petition for a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals. Sup. Ct. R. 13(1). If a petition for rehearing is timely filed in the court of appeals, the time to file the petition for a writ of certiorari runs from the date of the denial of the petition for rehearing, or if granted, the subsequent entry of judgment. *Id*. R. 13(3).

Petitioner's conviction became final ninety days after the Fourth Circuit's entry of judgment because Petitioner did not file a petition for writ of certiorari. *Clay*, 537 U.S. 522. The Fourth Circuit's judgment was entered on February 22, 1999. (Docket no. 54 (criminal case).) Ninety days from that date was May 24, 1999. He therefore had until May 24, 2000 to file his section 2255 motion under subsection one of that section. Petitioner's motion is dated December 15, 2005. (Docket no. 1.) It could not have been delivered to prison officials prior to that date. Petitioner's motion was therefore not timely filed under subsection one of section 2255. Only if another subsection gives him more time to file will his motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing his section 2255 motion. There is no showing of such a governmental action. Therefore, subsection two does not apply.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not cite any recently decided case in support of his claims. If he is relying upon any such cases it would likely be those recent Supreme Court cases regarding the proof needed to enhance sentences. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005); *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004). Although the Supreme Court has now decided in *Booker* that the reasoning of *Blakely* does apply to the federal sentencing guidelines, the Fourth Circuit has recently held that *Booker* was a "new rule" of criminal procedure under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners, . . . , whose convictions became final before *Booker* (or *Blakely*) was decided."[3] *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). Because Petitioner's conviction became final in 1999, and *Booker* was decided in 2005, it

---

[3] The court also made clear that it is the date that *Booker* rather than *Blakely* was decided that controls the retroactivity analysis. 429 F.3d at 72 n.5 (citing *Lloyd v. United States*, 407 F.3d 608, 611 n.1 (3rd Cir.) (stating that date *Booker* issued is appropriate dividing line because *Blakely* reserved decision about the federal sentencing guidelines), *cert. denied*, 126 S. Ct. 288, 163 L.Ed.2d 253 (2005)).

-4-

would have to be applied retroactively to benefit Petitioner. Therefore, reliance upon *Booker* and *Blakely* does not extend Petitioner's limitation period. Subsection three does not apply.

Subsection four allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims rest upon facts involving occurrences during the plea process and on appeal, and these facts could have been discovered by Petitioner well before his conviction became final. This subsection does not apply.

Petitioner's motion is not timely under any subsection of section 2255. It should be dismissed. Given this conclusion, Petitioner's motion for the government to provide drug analysis reports is moot and will be denied on this basis.

**IT IS THEREFORE ORDERED** that Petitioner's motion for the government to provide drug analysis reports (Docket No. 6) be denied.

**IT IS RECOMMENDED** that Respondent's motion to dismiss (Docket No. 3) be granted, and that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 1) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: May 15, 2006